Hillsborough,
Mar. 4, 1947. } No. 3600.

PUBLIC SERVICE CO. OF NEW HAMPSHIRE *v.* FREDERICK CHANCEY.

*Warren, Wilson & Wiggin (Mr. Roger E. Sundeen* orally), for the plaintiff.

*Devine & Millimet (Mr. Millimet* orally), for the defendant.

DUNCAN, J.   The argument of defendant's counsel to the jury was based upon the premise that a record of the defendant's conviction upon a charge of operating a motor vehicle while under the influence of intoxicating liquor would have been "perfectly admissible" in evidence.   Had such a record existed, the accuracy of this statement of law would necessarily have depended upon the character of the particular record, and the purpose for which it was offered.   Unless the record showed a plea of guilty, under our decisions it would not have been admissible to establish the truth of facts alleged in the

complaint. *Caverno* v. *Jones*, 61 N. H. 623; *State* v. *LaRose*, 71 N. H. 435, 439; *Collins* v. *Benson*, 81 N. H. 10. When admissible, the evidentiary force of the record arises from the admission made by the plea, rather than from the judgment of conviction. *State* v. *LaRose, supra,* 438. The weight of authority supports the view of the cited cases. Annotations, 130 A. L. R. 690; 152 A. L. R. 253, 280. No circumstances appear in the present case which suggest the admissibility of such a record for some other reason. See, *Lafferty* v. *Houlihan,* 81 N. H. 67, 74, 75; *Kelly* v. *Simoutis,* 90 N. H. 87, 89.

From the erroneous premise that a record would be "perfectly admissible," the inference was drawn that there was no such record because none was offered. The argument carried the further inference by implication, that the defendant was not intoxicated because he was not convicted. The argument was clearly improper. "A party cannot make evidence for himself by commenting on the other's failure to use inadmissible material. *Mattice* v. *Klawans,* 312 Ill. 299; *Blaisdell* v. *Davis,* 72 Vt. 295." *Sickmund* v. *Company,* 122 Conn. 375, 383; 2 Wig. Ev. (3d *ed.*), 185. The impropriety of the argument lay in the premise, and it does not help the defendant that the inference (that there was no record) was in fact true. Nor would it be any answer to urge that he was entitled to show in impeachment of the testimony of the state trooper, that no charges based upon intoxication were brought by him, because the defendant did not undertake such impeachment.

While no ground for the plaintiff's exception was stated, its counsel might properly infer from the comments of the Trial Court that the objection was understood. The effect of the Court's ruling was to allow the argument, and thereby to approve it, even if some doubt as to its propriety was expressed. There was an adverse ruling by the Court to which a valid exception was taken. *Salvas* v. *Cantin,* 85 N. H. 489; *Whipple* v. *Railroad,* 90 N. H. 261, 265.

The ruling which allowed the argument became the law of the trial. *Collins* v. *Benson, supra,* 12. To the extent that the instructions modified the law of the trial, the modification favored the plaintiff. "While a further exception . . . would have been in accordance with the better practice, it does not follow that the plaintiff's failure in this regard amounted to a waiver of [its] exception already taken." *Collins* v. *Benson, supra,* 11. The plaintiff's objection to the argument was already known, and the conduct of the adverse party could have been influenced in no way by reliance upon the plaintiff's failure to renew it. See *Lyman* v. *Littleton,* 50 N. H. 42, 45.

If it may be said that by further exception, the plaintiff could have stated its position more fully and so afforded opportunity for full correction of the error, yet there was no such reason to expect accomplishment of this result as to prompt a holding that the omission was fatal.

The instructions to the jury did not prohibit consideration of the argument, and could not have cured the error. The impropriety of the argument is plain. Since there is no certainty that it was not used for a purpose harmful to the plaintiff (*Piechuck* v. *Magusiak*, 82 N. H. 429), the verdict must be set aside.

*New trial.*

All concurred.