Carroll,
No. 4321.

HENRY LUCAS *v.* OLIVE F. CATE.

Submitted June 3, 1954.

Decided June 23, 1954.

*James J. Kalled* for the plaintiff, furnished no brief.

*Sleeper & Mullavey* for the defendant.

GOODNOW, J. This proceeding is one in which the defendant's right to a trial by jury cannot be doubted (N. H. Const. *Pt. I, Art.* 20) unless she is now barred by her waiver of that right. Ordinarily an agreement by counsel under which the trial of a case by jury has been waived will be specifically enforced except as the Trial Court may, in its discretion, determine that it should be vacated for good cause. *Trainor* v. *Heath,* 67 N. H. 384, 385; *Redlon Co.* v. *Corporation,* 91 N. H. 502, 506. Waiver of the right to a trial by jury, however, extends only to the issues then formed at the time of waiver and does not apply to new and different issues that may thereafter be raised under amended pleadings. 50 C. J. S. 822. It is the defendant's position that the plaintiff's amended declaration in this case, filed after the defendant's waiver of a jury trial, raised issues not presented by his original pleadings and that her waiver is not applicable to these new issues as a matter of law.

Matters in issue are those matters "upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings." *Laconia Nat. Bank* v. *Lavallee,* 96 N. H. 353, 355. The plaintiff's original declaration is one in assumpsit for $7,000

in which it is claimed that money was loaned by the plaintiff to the defendant in reliance upon the latter's promise to marry him and that she has since refused to do so. The matter in issue to be settled under this declaration, to which the defendant entered a general denial, was whether there had been "money loaned by the Plaintiff to the Defendant" which the latter had either expressly or impliedly promised to repay. As to this issue, the defendant waived trial by jury. The amended declaration contains two pleas, each in assumpsit for $7,000. Each of these pleas includes allegations of four of the common counts as grounds for recovery rather than the one count for money loaned which was recited in the original declaration. By this amendment, the plaintiff not only claimed that he had loaned money to the defendant but also that he had expended money for her benefit, that he had sold or delivered goods, wares and merchandise to her and that he had performed labor and furnished materials for her, for which she had either expressly or impliedly promised to pay. One of the pleas alleges that "all of the foregoing [was] expended to purchase or construct items that were to be used during the expected marriage relationship," and that "the Defendant has been unjustly enriched." This suggests an entirely different claim from that presented by the original declaration. See *Gikas* v. *Nicholis*, 96 N. H. 177. The plaintiff recognized that these new claims were required to be pleaded in order to secure "conformity of the proofs to the pleadings." As claims required to be pleaded, they became essential elements of the plaintiff's cause of action and matters in issue. *Chesley* v. *Dunklee*, 77 N. H. 263, 265. The defendant's waiver of a trial by jury was inoperative as to these issues and her motion should have been granted.

*Exception sustained.*

All concurred.