Cheshire,
No. 5478.

## NASSIF REALTY CORPORATION

*v.*

## NATIONAL FIRE INSURANCE COMPANY.

Argued May 4, 1966.
Decided June 30, 1966.

*Faulkner, Plaut, Hanna & Zimmerman ( Mr. George R. Hanna* orally ), for the plaintiff.

*Wyman, Bean & Tefft* and *Francis B. McCaffrey ( Mr. Mc-Caffrey* orally ), for the defendant.

KENISON, C. J. The questions presented in this case are ( 1 ) the validity of Rule 5 of the Superior Court which provides that a jury trial is waived unless a timely request is made therefore; and ( 2 ) whether the Trial Court's denial of the plaintiff's motion to place the case on the jury list was erroneous. Superior Court Rule 5, effective August 31, 1963 ( RSA 491 App R 5 ( supp )) reads as follows: "A party desiring a trial by jury shall, if

plaintiff, so indicate upon the writ at the time of entry, and, if defendant, upon the initial appearance card at the time of filing thereof. Failure to request a jury trial in accordance with this rule shall constitute a waiver thereof."

The plaintiff brought a civil action to recover damages under a fire insurance policy with extended coverage endorsements issued by the defendant to the plaintiff. The action was instituted by the plaintiff's writ dated January 27, 1964, which was made returnable on the first Tuesday of March 1964. On the face of the writ spaces are provided for a party to check one of two boxes indicating whether the case is to be tried by the court or by a jury. On this writ the plaintiff checked the box indicating that the case was to be tried by the Court. The case was listed by the clerk of the Superior Court as one of several "issues to Court" cases to be in order for trial on February 3, 1965. By mutual agreement the case was continued. This case was similarly listed by the clerk for cases to be heard at the September term 1965. The plaintiff filed a motion on August 6, 1965 requesting that the case be placed on the jury list. After a hearing by the Court, the motion was denied and the plaintiff's exceptions were reserved and transferred by *Morris*, J.

The rule-making power of the Superior and Supreme Courts, as courts of general jurisdiction, is broad and comprehensive. RSA 491:10; RSA 490:4. The rule-making power in this state is fortified not only by the statutory authorization cited but also by the common law. *Boody* v. *Watson*, 64 N. H. 162, 177; Seventh Report, N. H. Judicial Council 26 (1958). "Independently of any statute, every court of record may make such rules for the transaction of its business as do not contravene the laws of the land." *Ricker's Petition*, 66 N. H. 207, 211. See Annot. 158 A.L.R. 705. "The inherent rule-making authority of courts of general jurisdiction in this state to prescribe rules of practice and rules to regulate their proceedings 'as justice may require' has an ancient lineage supported by consistent custom, recognized by statute and enforced by numerous judicial precedents. *Deming* v. *Foster*, 42 N. H. 165, 178, 179. Annot. 110 A.L.R. 22, 26, 31; *LaCoss* v. *Lebanon*, 78 N. H. 413, 417, and cases cited; *Merchants Nat. Bank* v. *Sullivan*, 98 N. H. 151; Note, Doe of New Hampshire: Reflections on a Nineteenth Century Judge, 63 Harv. L. Rev. 513, 514-516 (1950). The matter has been succinctly summarized by a careful legal historian in the following language: 'Thus the rule-making power was firmly

established over three hundred years ago. A statute in 1701 confirmed the ancient power which has never been lost.' Page, Judicial Beginnings in New Hampshire, 1640-1700, *p.* 43 ( 1959 ). See 1 Laws of New Hampshire, 702, 703 ( 1904 ); RSA 491:10; RSA 490:4. " *Garabedian* v. *William Company*, 106 N. H. 156, 157.

Plaintiff's action was one entitled to have been tried before a jury unless the failure to proceed in accordance with Superior Court Rule 5 is a bar. N. H. Const., Part I, *Art*, 20th; RSA 519:17; *American Employers Ins. Co.* v. *Liberi*, 101 N. H. 480, 482. This brings us to the question whether Superior Court Rule 5 is a constitutional and valid regulation of the right to trial by jury. By the great weight of authority the right to a jury trial may be subjected to reasonable procedural regulation. Annot. 64 A.L.R. 2d 506. This is supported by numerous cases, old as well as recent. *Foster* v. *Morse*, 132 Mass. 354 ( 1882 ); *Houston* v. *Lloyd's Consumer Acceptance Corp.*, 241 Md. 10 ( 1965 ). The constitutional guaranty of jury trial " . . . has been uniformly construed as a right which may be waived by the parties. Statute or court rule may therefore prescribe reasonable conditions for obtaining a jury trial, such as timely demand, and may provide that failure to take these steps constitutes a waiver." James, Civil Procedure, *s.* 8.1, n. 11, *p.* 339 ( 1965 ). See also, 5 Moore's Federal Practice ( 2d *ed.* 1964 ) *s.*38.43, *p.* 336; *United States* v. *Moore*, 340 U. S. 616.

The plaintiff concedes that a jury trial may be waived by a party by conduct " inconsistent with the right already asserted. " *Stevens* v. *Insurance Co.*, 84 N. H. 275, 283. However, the plaintiff contends that the waiver requires some positive affirmative action and that inaction in asserting the right to a jury trial is not enough. This contention has been made before but has generally been rejected by the authorities. *Wilson* v. *Corning Glass Works*, 195 F. 2d 825 ( 9th Cir. 1952 ); *General Tire & Rubber Company* v. *Watkins*, 331 F. 2d 192 ( 4th Cir. 1964 ). See 5 Moore's Federal Practice ( 2d *ed.* 1964 ) *s.* 38.43, *p.* 336 ( 1965 supp. ).

The plaintiff argues that Superior Court Rule 5 is mandatory and allows no flexibility for excusable neglect or innocent inadvertence in asserting the right to trial by jury. We do not so construe the rule. The introduction and preface to all of the Superior Court Rules reads as follows: " Relief from failure to comply with the provisions of any rule may be granted on such

terms as the Court may order where, due to accident, mistake and misfortune and not through neglect, justice so requires. " RSA 491 Appendix ( supp ) *p.* 346. The Court has power to relieve a party for the failure to comply with Rule 5 when "justice so requires. "

We conclude that Rule 5 is constitutional and is a valid, reasonable procedural regulation for the orderly dispatch of judicial business. *Schloemer* v. *Uhlenhopp*, 237 Iowa 279; *Houston* v. *Lloyd's Consumer Acceptance Corp.*, 241 Md. 10 ( 1965 ); Annot. 64 A. L. R. 2d 506; James, Right to a Jury Trial in Civil Actions, 72 Yale L. J. 655 ( 1963 ).

The Court's denial of plaintiff's motion for a jury trial occurred only after a hearing and argument by counsel. In the circumstances of this case we are unable to label the denial of the motion for a jury trial as clearly unreasonable or an abuse of discretion. " Today, more than in the past, congestion, delay and calendar control present difficult problems for Trial Courts. If the Presiding Justice is to be more than a mere automaton at the game of litigation ( 1 Wigmore, Evidence, *s.* 21, *p.* 374 ) and is expected to assist in dealing with the problems of congestion, delay and calendar control in his court he should not be deprived of all muscular power to deal with the problems effectively. " *Garabedian* v. *William Company*, 106 N. H. 156, 158.

*Plaintiff's exceptions overruled.*

All concurred.