Hillsborough,
No. 6009.

KATHLEEN JONES, a minor, by her
father and next friend, WILLIAM JONES

*v.*

JEFFREY CHASE.

WILLIAM JONES

*v.*

SAME.

October 1, 1970.

*Thornton* and *Thornton* ( *Mr. Edward R. Thornton, Sr.* orally ), for the plaintiffs.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *John R. Falby, Jr.* ( *Mr. Falby* orally ), for the defendant.

LAMPRON, J. Actions to recover damages for personal injuries to Kathleen Jones and for consequential damages to her father, William Jones, arising out of an automobile accident, on April 28, 1965, in Wolfeboro. Counsel for defendant appeared specially and filed a motion to dismiss each action on the ground that Jeffrey Chase, the defendant named therein, was not the operator of the vehicle. On the day set for hearing on these motions, plaintiffs filed a motion to amend the declarations in their writs by inserting after the word defendant the following " or his agent, servant, or permittee, David Fernald. "

A hearing was held before *Flynn,* J. at which testimony was presented by the defendant Chase and his stepfather, whose garage owned the car involved, followed by that of witnesses called by the plaintiffs. In support of his motions to dismiss, the defendant undertook to show that he had not been the operator of the vehicle, although there was evidence that his motor vehicle report had stated that he was. At the conclusion of the testimony, the trial court took up plaintiffs' motion to amend and granted it.

The trial court made the following findings and rulings:

" Motion ( sic ) to dismiss the plaintiffs' actions, as amended, resulting in an evidentiary hearing.

" In determining whether, as a matter of law, a motion to dismiss should be granted, all facts properly pleaded and the reasonable inferences therefrom are construed most favorably to the plaintiffs. If a plaintiff is entitled to recover upon any state of facts findable under the pleadings, the motion to dismiss

should be denied. *Aldrich* v. *Charles Beauregard & Sons,* 105 N.H. 330.

"Based on the *Aldrich* decision, the plaintiffs' amended declaration would appear to state a cause of action. However, in these actions, the plaintiffs did not elect to rely solely on the pleadings, as amended, which they could have done, but instead they allowed evidence to be presented for factual determinations and rulings by the Court."

The court then found on the evidence presented that the automobile in which Kathleen was a passenger was owned by Sheldon Motors Corporation; that David Fernald was the operator and was neither the servant nor agent of the owner or of the defendant Jeffrey Chase; that Jeffrey had the permission of the owner to operate the vehicle but had permitted Fernald to operate it without the owner's expressed or implied permission or authorization.

"In view of the above findings and rulings, which implement the plaintiffs' amended pleadings, the defendant's motions to dismiss each of the above actions are granted subject to plaintiffs' exceptions" which were reserved and transferred.

Each of the plaintiffs' writs was marked for a trial by jury at the time of entry in accordance with rule 5 of the superior court. RSA 491:App. R. 5; *Nassif Realty Corp.* v. *National Fire Ins. Co.,* 107 N.H. 267, 220 A.2d 748. This same marking would carry over to the amended writs as the amendments to the declarations in no way changed the character of the actions. *See Lucas* v. *Cate,* 99 N.H. 134, 135, 106 A.2d 200, 201.

Being actions at law to recover damages for negligence, plaintiffs were entitled to have the issues tried by a jury ( N.H. CONST., pt. 1, art. 20 ) unless waived. *Nassif Realty Corp.* v. *National Fire Ins. Co. supra.* Absent an express agreement, consent, failure to comply with rule 5 above, or conduct manifesting a clear intent to waive this constitutional right, a waiver of this right should not be inferred or presumed. 47 Am. Jur. 2d Jury *s.* 64. The defendant's motions presented the sole issue of whether the defendant was the operator of the vehicle. The hearing disclosed that there was conflicting evidence as to whether the operator was the defendant or Fernald. When at the end of the hearing the court granted the plaintiffs' motions to amend their writs, they became entitled to have the motions to dismiss denied, since it appeared that either the defendant or Fernald was the operator, and the issue of the latter's agency had not been raised

or submitted. Participation in the hearing on the issue presented by the motions was not a waiver of the right to have a jury determine who the operator was, and if Fernald were found to have been, whether he was the defendant's agent. *Cf. Guptill* v. *Bergman,* 108 N.H. 507, 512, 240 A.2d 55, 59. This is particularly true when David Fernald, whose testimony the plaintiffs would most likely consider material on the important issues raised, was unavailable at the hearing on defendant's motions to dismiss being stationed on military duty in Vietnam at that time.

The trial court correctly ruled that plaintiffs were entitled to have defendant's motions denied on the face of their amended declarations. *Aldrich* v. *Beauregard & Sons,* 105 N.H. 330, 200 A.2d 14. We fail to see on the record before us any basis to warrant the trial court's implied ruling that the plaintiffs had waived or forfeited their constitutional right to have the issues raised in their amended pleadings tried by a jury. The findings that Fernald was the operator and was not the agent or servant of the defendant are vacated. The findings with respect to permission to operate are also vacated, as irrelevant. The order is

*Exception sustained; motions to dismiss denied.*

All concurred.