Strafford
No. 80-229

JOHN L. RULLO, ADMINISTRATOR
OF THE ESTATE OF DOMENIC RULLO

v.

JESSIE M. RULLO

April 17, 1981

*Nadeau & Gray*, of Dover (*Douglas C. Gray* on the brief and orally), for the plaintiff.

*Fisher, Parsons & Moran*, of Dover, and *Devine, Millimet, Stahl & Branch*, of Manchester (*George R. Moore* on the brief and orally), for the defendant.

BROCK, J. The issue in this civil case is whether an insurance company can rely upon the prior criminal conviction of its insured to collaterally estop a third party from litigating the issue of

whether the act of the insured giving rise to the claim was negligent or intentional.

After a non-jury trial in the criminal case, the Strafford County Superior Court (*Cann*, J.) found Jessie Rullo guilty of the second-degree murder of her husband, Domenic Rullo. This court affirmed that conviction. *State v. Rullo*, 120 N.H. 149, 412 A.2d 1009 (1980). Subsequently, the administrator of the estate of Domenic Rullo brought an action against Jessie Rullo, alleging claims in trespass and negligence. The defendant's insurer filed motions to dismiss and for summary judgment with respect to the negligence claim. The company contended that Jessie Rullo's prior conviction for second-degree murder, a necessary element of which was her intent to commit the act, precluded relitigation of the issue of whether the defendant intentionally or negligently caused the death of her husband. The case is before us on an interlocutory appeal from the Trial Court's (*Randall*, J.) denial of the defendant's motions.

Because the defendant did not plead guilty to the criminal charge against her and elected not to testify in her own defense at trial, we are not concerned here with what the evidentiary ramifications of either a guilty plea or inconsistent testimony might be in a subsequent civil proceeding.

We adhere to the view that a criminal conviction, where the defendant has not plead guilty, is neither a bar to, nor admissible as evidence to establish the facts on which it was rendered in, a subsequent civil proceeding. 50 C.J.S. *Judgments* § 754b(1) at p. 269–71 (1947); *see Public Service Co. v. Chancey*, 94 N.H. 259, 260–61, 51 A.2d 845, 846 (1947); *Kelly v. Simoutis*, 90 N.H. 87, 89, 4 A.2d 868, 870 (1939); *Utica Mutual Insurance Company v. Cheny*, 45 A.D.2d 350, 358 N.Y.S.2d 519 (1974), *aff'd* 38 N.Y.2d 735, 381 N.Y.S.2d 40, 343 N.E.2d 758 (1975). To hold otherwise would be to deprive the estate of Domenic Rullo of a "full and fair opportunity" to litigate the issue of Jessie Rullo's civil liability. *See Sanderson v. Balfour*, 109 N.H. 213, 216, 247 A.2d 185, 187 (1968). The estate had no opportunity or right to intervene in the criminal case, and, unlike the State in a criminal case, it can compel Jessie Rullo to testify. *State v. Corron*, 73 N.H. 434, 448, 62 A. 1044, 1047 (1905). Moreover, at the criminal trial, neither the State nor Jessie Rullo had standing or any reason to represent the estate's interest or to present the same factual issues concerning civil liability, particularly since Jessie Rullo refuted her guilt by presenting a defense based upon insanity and the State's interest was to prove that she had intentionally killed her husband. Negligence, in the usual sense, was not an issue at the criminal trial, and we can assume

with some confidence that the fact-finder was not concerned with the issue of civil liability. Accordingly, we affirm.

*Exceptions overruled; remanded for trial.*

All concurred.