Strafford
No. 80-292

GWENDOLYN MITCHELL, ADMINISTRATRIX
OF THE ESTATE OF CLIFFORD P. GERMAIN, III

v.

AETNA LIFE AND CASUALTY INSURANCE COMPANY

June 10, 1981

*Krans & Krans*, of Dover (*Allan B. Krans* on the brief and *Hamilton R. Krans, Jr.*, orally), for the plaintiff.

*Sulloway, Hollis & Soden*, of Concord (*Dorothy M. Bickford* on the brief and orally), for the defendant.

PER CURIAM. The principal issue in this case is whether an insured's criminal conviction for reckless manslaughter operates to relieve his liability insurance carrier from providing him with a defense or affording him coverage in a civil action based upon negligence, brought by the decedent's estate; or whether the criminal conviction collaterally estops the estate or the insured from claiming that the act was negligent and not intentional. We recently addressed the latter issue in *Rullo v. Rullo*, 121 N.H. 299, 428 A.2d 1245 (1981), and therefore need address it only briefly here.

The facts underlying the present case are straightforward and not contested. After a jury trial, James M. Coyne was convicted of reckless manslaughter (RSA 630:2 I(b) (Supp. 1979)) in the death of Clifford P. Germain, III, the plaintiff's son. Coyne did not appeal. Gwendolyn Mitchell, as administratrix of her son's estate, had previously commenced an action against Coyne for the wrongful death of Germain. When Aetna Life and Casualty Insurance Company, the homeowner's insurance carrier for Coyne's parents, denied coverage, the plaintiff filed a petition for declaratory judgment (RSA 491:22) to determine whether the policy provided coverage. The insurance company, while admitting that James

Coyne was an insured under its policy, claimed that Coyne's act was intentional within the meaning of an expressed exclusion contained in its policy. It contended that Coyne's criminal conviction for reckless manslaughter was determinative of the issue of intent, and that the estate was therefore collaterally estopped from relitigating that issue. The Trial Court (*Goode*, J.) granted the defendant's motion to dismiss, and the plaintiff appealed. We reverse.

It is the insurer's contention that because its insured, James Coyne, was a party to the criminal action he cannot now claim that his acts were negligent and seek liability coverage under the policy. It also asserts that the plaintiff cannot obtain the benefits of the policy through the insured. This claim is readily disposed of by reference to *Rullo v. Rullo supra*, in which we held that an insurance company cannot use the criminal conviction of its insured to collaterally estop a third party from claiming that the insured's acts were negligent. "[A] criminal conviction . . . is [not] a bar to . . . a subsequent civil proceeding." 121 N.H. at 300, 428 A.2d at 1246.

Finally, the plaintiff argues that the defendant has interjected certain factual issues within an amended answer to the plaintiff's petition, and that this entitles the plaintiff to reassert her right to have a jury determine those factual issues. We do not have all of the pleadings which have been filed in this proceeding before us. We cannot therefore determine the merit of this claim. Upon remand, the trial court will determine whether the defendant raised factual issues in its amended answer, which the court allowed, that would justify a reversal of the court's earlier determination that the plaintiff was not entitled to a jury trial because the defendant had admitted all issues of fact in its original answer. *Lucas v. Cate*, 99 N.H. 134, 106 A.2d 200 (1954); *see American Employers Ins. Co. v. Liberi*, 101 N.H. 480, 147 A.2d 306 (1958).

*Reversed and remanded.*