**Major D. CALLOWAY, et al., Plaintiffs,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, et al., Defendants.**

**Civ. A. No. 77–34–ATH (WDO).**

United States District Court, M.D. Georgia, Athens Division.

March 24, 1987.

David R. Sweat, Athens, Ga., for plaintiffs.

Edward Katze, Atlanta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Presently before the court is a motion for intervention by Dr. Bernard R. Siskin pursuant to Rule 24 of the Federal Rules of Civil Procedure. Said intervention is sought by Dr. Siskin in order to seek a modification of this court's order dated August 4, 1986, 642 F.Supp. 663. Rule 24(a)(2) establishes a four-fold test for intervention of right in those situations not covered by an unconditional statutory right to intervene under Rule 24(a)(1).[1] The

---

1. Dr. Siskin does not contend that he has an unconditional statutory right to intervene pursu-

four-prong test of Rule 24(a)(2) is as follows:

> Upon [1] timely application, anyone shall be permitted to intervene in an action: ... [2] when the applicant claims an interest relating to the property or transaction which is the subject of the action and [3] he is so situated that the disposition of the action [without his intervention] may as a practical matter impair or impede his ability to protect that interest, [and 4] unless the applicant's interest is adequately represented by existing parties.

See Fed.R.Civ.Proc. Rule 24(a)(2). Upon review of Dr. Siskin's grounds for intervention in the present case, the court finds that intervention in this case would not be appropriate for the following reasons.

### Dr. Siskin's Interest

 It is apparent that Dr. Siskin lacks an interest relating to the property or transaction which is the subject of the present action. Although the nature of an "interest" sufficient to support intervention of right has yet to be precisely determined, it is clear that such an interest "must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit." *See United States v. Carrols Development Corp.,* 454 F.Supp. 1215 (N.D.N.Y.1978); and *Vazman v. Fidelity International Bank,* 418 F.Supp. 1084 (S.D.N.Y.1976). The alleged interest Dr. Siskin wishes to protect in this case is his own reputation and academic credibility surrounding his work. Dr. Siskin asserts that this court erroneously impugned his reputation for academic honesty in this court's order dated August 4, 1986, and, thus, in order to protect his reputation in the community, intervention is essential. This court finds that as a matter of law, a witness' interest in his reputation alone, following a finding by a court that he is not credible, does not constitute the required "interest relating to the property or trans-

ant to Rule 24(a)(1), and, therefore, this section

action which is the subject of the present action" necessary to allow intervention as a matter of right. To find otherwise would invite intervention every time a court is required to determine the credibility of a witness. Rule 24(a)(2) was not designed to provide a forum for witnesses in the underlying action to protect their reputation in the community.

### Adequacy of Representation

 In addition, Dr. Siskin's motion for intervention fails to demonstrate that his reputation was not adequately protected by the parties in the underlying suit. As an expert witness for the defendants in this case, Westinghouse Electric Corporation actively sought to persuade this court that Dr. Siskin was reputable, and further, that his work was statistically accurate. Because Westinghouse Electric Corporation had a direct interest in protecting and proving the character and competence of its expert witnesses, it is impossible for this court to find that Dr. Siskin was not given adequate representation in protecting his alleged "interest" in his integrity and reputation. Accordingly, for the foregoing reasons, it would be improper for this court to allow Dr. Siskin to intervene as a matter of right in this case.

 Under Rule 24(b)(2) permissive intervention is allowed when "an applicant's claim or defense in the main action have a question of law or fact in common." Because this court has already found that a witness' interest in preserving his character and integrity is not sufficiently related to the underlying action to warrant intervention as a matter of right, this court, for the same reasons, declines to exercise its discretion under Rule 24(b) to allow Dr. Siskin to intervene solely for the purpose of disputing this court's finding of fact with respect to his testimony. Dr. Siskin's motion to intervene, therefore, is hereby DENIED. Furthermore, because this court has denied Dr. Siskin's motion to intervene, Dr. Siskin's motion to modify

is inapplicable to this case.

this court's order is not properly before the court.