Hillsborough,
No. 5945.

STATE *v.* LEO PROULX.

March 31, 1970.

*George S. Pappagianis,* Attorney General, and *W. Michael Dunn,* Assistant Attorney General (*Mr. Dunn* orally), for the State.

*Normand L. Dion* and *Thomas J. Tessier* ( *Mr. Dion* orally ), for the defendant.

GRIMES, J.   Based on his acquittal on four indictments for incest with his daughter on December 27, 1967, February 26 and 28, 1968, and March 15, 1968, the defendant moved to dismiss the present four indictments for statutory rape of the same person on December 26 and 28, 1967, February 27 and 29, 1968, claiming double jeopardy. The motions were denied and defendant's exceptions were transferred by *Leahy,* C. J.

At the trial on the incest indictments, there was no question but that the alleged victim was the defendant's daughter, and the only question in dispute was whether the defendant had engaged in sexual intercourse with her. There was also no question about the age of the alleged victim as stated in all indictments to have been ten years.

If all the elements of the crime of incest had been contested, an acquittal would not bar the prosecution for statutory rape arising from the same acts. This is so because although intercourse is a common element of both crimes, each requires a different additional element. When all elements are contested, an acquittal for incest might be based on a failure to prove the required relationship rather than a failure to prove intercourse. An acquittal under such circumstances therefore would not bar a prosecution for statutory rape because it is said the crimes are not the " same in law and in fact. " *Commonwealth* v. *Roby,* 12 Pick. 496, 504. *See also, State* v. *Smith,* 98 N. H. 149, 95 A.2d 789; *State* v. *Harlan,* 103 N. H. 31, 164 A.2d 562; *Morgan* v. *Divine,* 237 U. S. 632, 59 L. Ed. 1153, 35 S. Ct. 712.

However the defendant here has been acquitted after a trial in which the only contested issue was whether he had engaged in intercourse with the same individual who is named as the victim in the pending indictments for statutory rape.

Although the dates alleged in the indictments for incest differ from those for rape, we note that the acts are alleged on consecutive dates, *i.e.,* December 26 rape, December 27 incest, December 28 rape, February 26 incest, February 27 rape, February 28 incest, February 29 rape. The evidence introduced by the prosecution at the incest trial related specifically to dates in some of the rape indictments and to a continuing course of conduct

over a long period of time. The defense did not relate to specific dates but to a denial of intercourse at any time.

After the jury was sworn in the incest trial, defendant was in jeopardy of being convicted on a finding that he had intercourse with the alleged victim based on evidence of intercourse on dates other than those alleged in the incest indictments, including those alleged in the rape indictments. *State* v. *Kennard,* 74 N. H. 76, 65 A. 376; *State* v. *Perkins,* 70 N. H. 330, 47 A. 268; *State* v. *Skillings,* 99 N. H. 427, 113 A.2d 490; *State* v. *Havey,* 58 N. H. 377.

The concept of double jeopardy is designed to prevent the individual from being compelled to undergo the embarrassment, expense and ordeal of repeated attempts of his government to convict him for the same offense. *Benton* v. *Maryland,* 395 U. S. 784, 23 L. Ed. 2d 707, 89 S.Ct. 2056; *Green* v. *United States,* 355 U. S. 184, 187, 2 L. Ed. 2d 199, 204, 78 S.Ct. 221, 223.

If in strictness the doctrine of double jeopardy does not bar defendant's prosecution for any other crime of which intercourse on the dates in the incest indictments is an essential element, the doctrine of collateral estoppel does. *See State* v. *Hentschel,* 98 N. H. 382, 101 A.2d 456.

Collateral estoppel, which is an extension of the doctrine of res judicata, bars relitigation of factual issues which have already been determined and, like the doctrine of double jeopardy, is "designed to eliminate the expense, vexation, waste and possible inconsistent results of duplicatory litigation." *Hoag* v. *New Jersey,* 356 U. S. 464, 470, 2 L. Ed. 2d 913, 919, 78 S.Ct. 829, 834; *Sanderson* v. *Balfour,* 109 N. H. 213, 247 A.2d 185. The two doctrines differ from one another in several respects. *See* Annot. 9 A. L. R. 3d 203, 221. One difference, important here, is that collateral estoppel does not require an identity of offenses and therefore may constitute a bar where double jeopardy may not.

We can reach no other conclusion under the particular circumstances of this case than that the jury's verdict was based on the defendant's evidence that he did not commit the act at any time. Under the circumstances, we rule that the prosecution may not be permitted to relitigate that issue before another jury.

*Indictments dismissed.*

All concurred.