Rockingham
No. 7415

STATE OF NEW HAMPSHIRE

v.

EDWARD D. KOWAL

November 30, 1976

*David H. Souter,* attorney general, and *Richard B. McNamara,* attorney *(Mr. McNamara* orally), for the State.

*Robert R. Renfro,* by brief and orally, for the defendant.

LAMPRON, J.   On February 19, 1975, in the Hampton District Court, defendant was found guilty of driving while intoxicated, second offense, in violation of RSA 262-A:62 (Supp. 1975). At the same time, he was found not guilty of operating after revocation, in violation of RSA 262:27-b (Supp. 1975). Both offenses were alleged to have occurred at about 2:10 a.m., on January 26, 1975, on High Street and Route 1 in Hampton.

Defendant appealed his conviction of driving while intoxicated, second offense, to the Rockingham County Superior Court. He there moved for dismissal of the complaint on the ground that acquittal on the operating after revocation charge barred prosecution of the driving while intoxicated charge under the doctrine of res judicata. Defendant's motion to dismiss was denied. His excep-

tion to the trial court's ruling was reserved and transferred by *Perkins, J.*

Defendant's argument is addressed to the fact that operation of a motor vehicle is an essential element of both the offenses with which he was charged. He argues that because of his acquittal on the charge of operating after revocation, this issue was resolved in his favor and cannot be relitigated in a prosecution of the charge of driving while intoxicated, second offense, arising out of the same incident. This claim must be examined under the collateral estoppel aspect of the doctrine of res judicata, which, like it, applies in criminal as well as civil cases. *State v. Proulx,* 110 N.H. 187, 189, 263 A.2d 673, 675 (1970); *Ashe v. Swenson,* 397 U.S. 436 (1970); Annot., 9 A.L.R.3d 203, 213-14 (1966).

In applying the doctrine of collateral estoppel it is necessary at the outset to identify those issues which were determined in the first action. *See Ashe v. Swenson,* 397 U.S. 436, 444 (1970). The question is whether the issue of operating a motor vehicle was actually determined in the first action; not whether it was or could have been litigated. *See State v. Proulx,* 110 N.H. 187, 188, 263 A.2d 673, 674-75 (1970). The second prosecution will be barred by the doctrine of collateral estoppel only if it appears that the district court could not rationally have reached its judgment except by finding that the defendant had not been operating a motor vehicle. *Turner v. Arkansas,* 407 U.S. 366, 369 (1972). It must appear that this issue was necessarily resolved in defendant's favor in the first proceedings in order to bar the second action. *Ottomano v. United States,* 468 F.2d 269, 272 (1st Cir. 1972), *cert. denied,* 409 U.S. 1128 (1973). The burden is on the defendant to establish that this issue was determined in his favor. *United States v. Cala,* 521 F.2d 605, 608 (2d Cir. 1975); *United States v. Tramunti,* 500 F.2d 1334, 1346 (2d Cir. 1974), *cert. denied,* 419 U.S. 1079 (1974).

Defendant's acquittal in the district court on the charge of operating after revocation could have been based either on a finding that he had a current and valid operator's license at the time or failure of the State to prove revocation. Defendant was simultaneously found guilty of the charge of driving while intoxicated, second offense, arising out of the same incident. It is unlikely that the tiral court would have made the inconsistent determination that defendant was not operating a motor vehicle for purposes of the one charge, yet operating a motor vehicle for

purposes of the other, when both offenses were alleged to have arisen from the same events. Presuming the trial court to have reached its conclusions rationally, it is therefore apparent that defendant's acquittal on the first charge must have been based on a finding other than that he was not driving at that time.

The issue of driving a motor vehicle was neither expressly nor necessarily determined in defendant's favor in the first proceedings, and there is no basis upon which we can find that it was implicitly so determined. *See Indian Head Nat'l Bank v. Simonsen,* 115 N.H. 282, 284, 338 A.2d 546, 547 (1975). The doctrine of collateral estoppel therefore does not bar prosecution of defendant on the charge of driving while intoxicated, second offense.

*Remanded.*

BOIS, J., did not sit; the others concurred.