Strafford
No. 80-255

THE STATE OF NEW HAMPSHIRE

v.

PATRICK SULLIVAN

April 17, 1981

*Gregory H. Smith*, acting attorney general (*Brian T. Tucker*, attorney, & a. on the brief and *Mr. Tucker* orally), for the State.

*Gary H. Reiner*, of Kittery, Maine, by brief and orally, for the defendant.

PER CURIAM. The issues in this simple assault case are whether the Trial Court (*Goode*, J.) erred in not asking the prospective jurors certain questions on voir dire, in not granting the defendant's request for a change of venue, in not ruling in advance of trial that the State could not question the defendant about his prior assault convictions if he testified, in not instructing the jury on the issue of self-defense, and in its instructions on reasonable doubt. We find no error and uphold the defendant's conviction.

The defendant was charged and convicted in the Dover District Court with simple assault (RSA 631:2-a (Supp. 1979)). He appealed to the superior court, where he was tried before a jury and found guilty. The defendant then brought this appeal.

The alleged assault occurred on Dover Point Road on November 20, 1979. At the superior court trial, the victim testified that, while he was proceeding on Route 4, there was a car following him so closely that he became concerned. He tried to create some distance between the two cars by slowing down and then accelerating. The other car, driven by the defendant, continued to follow the victim closely when he exited onto Dover Point Road. All the evidence shows that the defendant finally pulled in front of the victim's automobile and stopped, thereby temporarily preventing the victim from proceeding. The defendant alighted from his vehicle and walked toward the victim, who had also stepped out of his automobile. The evidence is conflicting as to whether the victim proceeded toward the defendant and as to who struck the first blow. The evidence is clear, however, that the defendant struck the victim, knocking him to the ground. A passenger in the defendant's vehi-

cle testified that the victim had been driving erratically in front of them before the defendant finally pulled in front of him.

The defendant's first argument relates to his concern that, because of his family's history of trouble with the Dover police and his reputation for brawling, he might not receive a fair trial in Strafford County. Prior to the selection of the jury, the defendant requested the court to question the prospective jurors regarding their knowledge of the defendant, his family, and their involvements with the Dover police. The court denied that request. It did, however, ask the members of the jury panel whether any of them knew the defendant, had any prejudice against him, or had any prejudice whatsoever which would prevent them from reaching a fair verdict. Two jurors were excused for cause when they indicated that they knew the defendant's family. No other juror responded affirmatively to the court's questions. At that time, the defendant renewed his request that the court make more specific inquiries into the possible bias of the prospective jurors. The court also denied that request, and the jury was selected. The defendant then moved for a change of venue, which the court denied.

■ As the defendant requested, the court asked the jurors if they knew the defendant. Although the court did not specifically use the other requested questions, it did question the jurors about any possible prejudice they might have. The fact that two of the jurors responded affirmatively to the court's inquiry shows that the judge's questions were sufficient to uncover any bias or prejudice among the jurors, and the lack of response from the other jurors is evidence of a lack of prejudice on their part. Furthermore, asking specific questions regarding the involvement of the defendant and his family with the police could have prejudiced the entire array. The extent of the voir dire examination is a matter within the broad discretion of the trial judge, *State v. Gullick*, 120 N.H. 99, 103, 411 A.2d 1113, 1116 (1980); *State v. Dunbar*, 117 N.H. 904, 905, 379 A.2d 831, 832 (1977); *State v. Colby*, 116 N.H. 790, 793, 368 A.2d 587, 590 (1976), and we find no abuse of that discretion in this case.

■■ We also find no error in the trial court's refusal to grant a change of venue. In order to obtain a change of venue, the defendant must prove that he cannot obtain a "fair and impartial trial" in the county in question. N.H. CONST. pt. 1, art. 17 (Supp. 1979); *State v. Laaman*, 114 N.H. 794, 799, 331 A.2d 354, 358 (1974), *cert. denied*, 423 U.S. 854 (1975); *State v. Albee*, 61 N.H. 423, 429 (1881). From the facts set forth in our discussion of the voir dire examination, it is clear that the defendant has failed to

prove that he did not receive a fair trial in Strafford County. Consequently, the court did not abuse its discretion in refusing the defendant's request for a change in venue. *See State v. Laaman, supra* at 801–02, 331 A.2d at 359.

The defendant next challenges the court's refusal to rule in advance of trial that the State would not be permitted to cross-examine the defendant regarding his prior assault convictions in the event that he testifed in his own behalf. *See State v. Staples,* 120 N.H. 278, 285–86, 415 A.2d 320, 324 (1980). The court indicated that it would act on the matter later in the trial. During the course of the trial, however, defense counsel informed the court that, if the defendant were to take the stand, he would assert that he struck the victim in self-defense after the victim had attacked him. Before the close of the evidence, the court ruled that evidence of the prior assault convictions would be admissible to prove the defendant's propensity to commit assault if he took the stand. *State v. Lavallee,* 119 N.H. 207, 211–12, 400 A.2d 480, 482–83 (1979). Defendant did not testify. Under these circumstances, the trial court's failure to follow the procedure recommended in *Staples supra* was appropriate and did not prejudice the defendant.

The defendant next argues that the court erred in not instructing the jury on self-defense. We disagree.

The evidence did not call for an instruction on self-defense. All the evidence demonstrates that the defendant pulled in front of the victim, cut him off and then alighted from his vehicle and walked back toward the victim, who might or might not have been coming toward him. The evidence is also clear that the altercation took place on a public highway and that there was nothing to prevent the defendant from retreating had the victim struck the first blow. Under these circumstances a charge to the jury on self-defense would not be warranted.

Finally, the defendant challenges the court's reasonable doubt charge and its instruction to the jury that the victim's driving habits were not relevant to the issue before them. The defendant failed to object or except to these portions of the jury instructions and is therefore barred from raising those issues here. *State v. Jones,* 120 N.H. 652, 653, 421 A.2d 1004, 1005 (1980); *Martineau v. Perrin,* 119 N.H. 529, 531–32, 404 A.2d 1100, 1101–02 (1979).

*Exceptions overruled; affirmed.*

DOUGLAS, J., concurred in the result.