Hillsborough
No. 80-399

THE STATE OF NEW HAMPSHIRE

v.

ROBERT J. HASTINGS

June 10, 1981

*Gregory H. Smith,* acting attorney general (*Martha V. Gordon,* assistant attorney general, on the brief and orally), for the State.

*Spaloss & Rosson,* of Nashua (*Henry F. Spaloss* on the brief and orally), for the defendant.

KING, J. The issue in this case is whether the doctrine of collateral estoppel bars prosecution of the defendant on a felony charge of receiving stolen property after the district court had acquitted the defendant on two misdemeanor charges of receiving stolen property. Because the defendant has failed to supply us with a record of the proceedings below, we are unable to consider the defendant's position. Accordingly, the denial of the defendant's motion to dismiss the indictment is affirmed.

The defendant was charged with three counts of receiving stolen property in violation of RSA 637:7. Each complaint alleged that the defendant received stolen property at 20 Navaho Street in Nashua on September 17, 1979, at 11:59 p.m. The three complaints differed only in the description of the property received and the name of the true owner. Because the items described in two com-

plaints were allegedly worth less than $500, these counts were tried as misdemeanors in the district court. RSA 502-A:11 (Supp. 1979); RSA 637:11 III (Supp. 1979). The item specified in the third complaint was allegedly worth more than $500, and the district court's jurisdiction, therefore, was limited to a hearing on probable cause. RSA 502-A:11 (Supp. 1979) and :13. The district court found the defendant not guilty on the two misdemeanor charges and found probable cause on the third.

On April 1, 1980, the grand jury indicted the defendant on the third charge. The defendant then filed a motion to dismiss on the basis of collateral estoppel. The Superior Court (*Goode*, J.) denied this motion on the ground that the "[s]tate of the record fails to disclose that the ultimate issues addressed by the [i]ndictment in question were positively resolved at any previous criminal trial."

The defendant alleges that all three complaints arose from the same transaction. He asserts that the essence of the three complaints is that on September 17, 1979, at 11:59 p.m., the defendant went to the stated address, picked up, and carried away three items of property, knowing them to have been stolen and with the intent to deprive the owner of the property. He also contends that, because the property which he allegedly received was later recovered at the bottom of a pond, there could be no serious question that the person actually receiving the property knew that it was stolen and intended to deprive the owner of it. The defendant therefore argues that the district court must have found that the State failed to establish that he was the person who received the stolen goods. Consequently, he argues that the State is collaterally estopped from prosecuting him on the third charge after his acquittal on the other two.

■■■■ Collateral estoppel means that when an issue of fact has been tried once and determined, the same issue cannot be relitigated between the same parties in a future lawsuit. *Harris v. Washington*, 404 U.S. 55, 56 (1971) (per curiam); *State v. Proulx*, 110 N.H. 187, 189, 263 A.2d 673, 675 (1970); see *State v. Hogg*, 118 N.H. 262, 266, 385 A.2d 844, 846–47 (1978). A second prosecution in a criminal case will be barred, however, only if an essential element of the second prosecution was necessarily determined in the defendant's favor at the first trial. *State v. Kowal*, 116 N.H. 699, 700, 366 A.2d 877, 878–79 (1976); see *Turner v. Arkansas*, 407 U.S. 366, 369 (1972) (per curiam). The burden is on the defendant to establish that such an issue was decided in his favor. *United States v. Cala*, 521 F.2d 605, 608 (2d Cir. 1975); *United States v.*

*Tramunti,* 500 F.2d 1334, 1346 (2d Cir.), *cert. denied,* 419 U.S. 1079 (1974); *State v. Kowal, supra* at 700, 366 A.2d at 879; *cf. State v. Heinz,* 119 N.H. 717, 720, 407 A.2d 814, 816 (1979).

■ It is rare that the record of a prior trial will expressly state whether a particular issue was decided in the defendant's favor. Consequently, the appellate court must "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational . . . [finder of fact] could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe v. Swenson,* 397 U.S. 436, 444 (1970) (citations omitted); *see Turner v. Arkansas, supra* at 368; *United States v. Tramunti, supra* at 1346.

■ In the present case, the defendant has failed to supply this court with a record of the district court proceedings. We have only reproductions of the three complaints and the indictment. On the basis of this record, we cannot say that the district court could have based its verdict rationally only upon a finding that the defendant received no stolen property on September 17, 1979. It is completely possible that the State failed to establish that the first two items allegedly stolen were in fact stolen. It is also possible that the State did not establish that the defendant knew the property to be stolen if it was indeed stolen. Neither of these shortcomings would necessarily be true in relation to the property named in the third complaint. Of course, it is also possible that the court concluded that the defendant was never at the location specified and never had anything to do with any of the goods. This court is not free, however, to speculate as to the basis of the court's decision. In the absence of a record indicating that the issues to be tried in the felony case were necessarily resolved in the defendant's favor at the misdemeanor trials, we cannot accept the defendant's arguments that collateral estoppel bars the second trial.

■ The defendant argues that the State denied him a trial record in the district court and that we should, therefore, presume conclusively that issues to be decided in the felony trial were necessarily decided in his favor at the misdemeanor trials. We disagree. RSA 502-A:27-d (Supp. 1979) specifically states that a party to a district court proceeding may petition the court to record the proceedings. The defendant concedes that he never even requested that the proceedings be recorded. Thus, it is obvious that the State did not "deny" him a transcript of the proceedings.

For the reasons herein stated, we affirm the decision of the trial court denying the defendant's motion to dismiss.

*Affirmed.*

DOUGLAS, J., did not sit; the others concurred.