Request of the House of Representatives
No. 85-142

OPINION OF THE JUSTICES

May 10, 1985

The following resolution, House Resolution No. 28, requesting an opinion of the justices, was adopted by the House of Representatives on April 2, 1985, and filed with the Supreme Court on April 8, 1985:

"Whereas, there is pending before the house of representatives HB 413, 'An Act transferring the town of Barnstead from the Laconia district court to the Pittsfield district court;' and

"Whereas, this bill would redraw the Pittsfield judicial district so that the district included the towns of Pittsfield, Chichester and Epsom in Merrimack county and the town of Barnstead in Belknap county, thus creating the first judicial district to cross county lines; and

"Whereas, part one, article 17 of the New Hampshire constitution was amended in 1978 by adding the words 'or judicial district' so as to guarantee, in criminal prosecutions, the right to trial in the county or judicial district in which the crime was committed; and

"Whereas, the supreme court of the state of New Hampshire interpreted part one, article 17, of the New Hampshire constitution to require a defendant seeking a change of venue to prove that he cannot obtain a fair and impartial trial in the county in question, *State v. Sullivan*, 121 N.H. 301, 303, 428 A.2d 1247 (1981); now, therefore, be it

"Resolved by the House of Representatives:

"That the justices of the supreme court be respectfully requested to give their opinion upon the following question:

"Does part one, article 17 of the New Hampshire constitution permit the creation of judicial districts that are comprised of contiguous municipalities located in different counties?

"That the house clerk transmit 7 copies of this resolution to the justices of the supreme court along with an equal number of copies of HB 413."

The following reply was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court reply as follows to the question contained in your resolution of April 2, 1985, filed in this court on April 8, 1985. Interested parties were permitted to file memoranda with the Court until April 19, 1985.

In the 1974 Constitutional Convention two resolutions were introduced to amend part I, article 17 of the New Hampshire Constitution relating to venue. Delegate Hess of Hooksett introduced resolution 19, which provided that a trial may be held in the county or judicial district where the crime is committed and deleted the "general insurrection" provision required for a change of venue. Resolution 47 introduced by Delegate Hatfield of Hillsborough would have changed references to "counties" in article 17 to "judicial districts."

This would enable closely linked communities like Tilton-Northfield or Henniker-Hillsborough to have trials in a district court that had jurisdiction in more than one county.

Both resolutions were referred to the judicial department of the convention. JOURNAL OF CONSTITUTIONAL CONVENTION 23, 27 (May 8, 1974). On June 13, 1974, the following report on resolution 19 was approved by the convention:

> "Resolution No. 19, relating to venue of criminal prosecutions. Providing that a trial may be held in the county or judicial district where the crime is committed and deleting the 'general insurrection' provision for a change of venue. Resolution as amended be adopted. Del. Nighswander for Judicial Department.
>
> Article 17 as presently worded provides procedure for change of venue only in cases of general insurrection and refers only to 'counties.' Resolution eliminates provision as to 'general insurrection,' broadens 'counties' to include 'judicial districts' and provides for change of venue on motion of defendant when fair and impartial trial cannot be had . . . ."

JOURNAL OF CONSTITUTIONAL CONVENTION 232 (June 13, 1974).

At the same time, the convention acted on resolution 47, as follows:

> "Resolution No. 47, relating to venue of criminal prosecutions. Providing that references to county be changed to judicial districts. Inexpedient to amend the Constitution. Del. Nighswander for Judicial Department.
>
> Concept is substantially embodied in Resolution No. 19 which we recommend.
>
> The report was accepted.
>
> On a voice vote the resolution was adopted."

*Id.* at 234.

After approval by the voters on November 7, 1978, by the requisite two-thirds vote, article 17 now reads:

> "In criminal prosecutions, the trial of facts, in the vicinity where they happened, is so essential to the security of the life, liberty and estate of the citizen, that no crime or offense ought to be tried in any other county or judicial district than that in which it is committed; except in any case in any particular county or judicial district, upon motion by the defendant, and after a finding by the court

that a fair and impartial trial cannot be had where the offense may be committed, the court shall direct the trial to a county or judicial district in which a fair and impartial trial can be obtained."

House bill 413 would redraw the Pittsfield judicial district so that the district would consist of the towns of Pittsfield, Chichester and Epsom in Merrimack County and the town of Barnstead in Belknap County, thus creating the first judicial district which would cross county lines. The legislative purpose in adding the term "judicial district" to article 17 of the State Constitution was to "broaden" the venue in a criminal case beyond the county to the judicial district. The possibility of creating judicial districts comprised of contiguous municipalities in different counties was, therefore, intended. Creation of such districts accomplishes this legislative purpose to expand venue and is, therefore, permissible under part I, article 17 of the New Hampshire Constitution.

While it is correct that in *State v. Sullivan*, 121 N.H. 301, 303, 428 A.2d 1247, 1249 (1981) the court spoke of fair trial "in the county in question," the court was speaking in the context of a superior court jury trial in which the judicial district and county are the same.

JOHN W. KING
CHARLES G. DOUGLAS, III
DAVID A. BROCK
WILLIAM F. BATCHELDER
DAVID H. SOUTER

Representative Paul A. Golden and Barnstead Police Chief, James A. Barnard, filed letters addressing the purpose of the proposed legislation.