Hampton District Court
No. 85-159

THE STATE OF NEW HAMPSHIRE

v.

ASA H. KNOWLES, III

May 9, 1986

*Stephen E. Merrill,* attorney general (*Jeremy F. Korzenik,* attorney, on the brief), by brief for the State.

*Jeffco, May & Smart,* of Portsmouth (*Stephen T. Jeffco* and *Stephen D. Mau* on the brief), by brief for the defendant.

KING, C.J. The defendant appeals his conviction of taking an overlimit of clams, RSA 211:62 (Supp. 1985). We affirm.

On the evening of December 12, 1984, the New Hampshire Fish and Game Department received information that several individuals were taking clams from the clam flats in Seabrook. Sergeant Vetter and Officers Marcella and Donahue went to the Hampton Beach Marina, from which they could see the clam flats. Using a telescopic lens, they observed at least nine individuals with light-bearing headbands who appeared to be digging clams. The officers later saw the suspects load sacks into two boats and leave the flats in those boats.

Suspecting that the boats were heading to Cross Beach, the officers drove to Cross Beach Road, the only road providing access to the beach. Officers Marcella and Donahue proceeded down the road in a cruiser with the lights off. Noticing a pickup truck at the end of the road, they turned on the headlights and blue flashing lights. Some people ran from the truck. The officers pursued them behind a nearby cabin and found the defendant crouched behind a woodpile. At the time of his arrest, the defendant was wearing wet knee-high rubber boots. A search of the pickup truck revealed light-bearing headbands, clam digging forks, metal pails, and sacks containing approximately 100 quarts of clams. The truck was registered in the defendant's brother's name.

The defendant, Asa H. Knowles, III, was charged with three violations of the Fish and Game rules; specifically, taking clams after sunset, taking clams on a closed day and taking an overlimit of clams. *See* Fis 606.02, .04; RSA 211:62 (Supp. 1985). Upon defendant's motion at the close of the State's case, the Court (*Frasier,* J.) dismissed the first two charges. The court subsequently found Knowles guilty of the third charge and imposed a fine.

■ The first argument on appeal is that the State failed to prove that the defendant *possessed* an overlimit of clams. This contention is irrelevant, however, in view of the court's finding of guilt based on a *taking.* The applicable Fish and Game rule, Fis 606.04(a), provides:

"No person shall possess or take, in one calendar day, more than 10 quarts liquid measure, of unshucked clams,

while on or leaving any clam flats or any waters under the jurisdiction of the state."

To prove a violation of Fis 606.04(a), the State must establish either possession, *see* RSA 207:1, XXI (Supp. 1985), or taking, *see* RSA 207:1, XVIII (Supp. 1985), but need not establish both. The trial judge indicated that the meaning of both terms was at issue in the case. Nonetheless, the court concluded "that at the very least on all of the evidence the defendant came within the statutory definition of 'take.'" Because the court's order clearly indicates that the defendant was found guilty of *taking* clams, rather than of *possessing* them, the defendant's argument that the State failed to prove possession of an overlimit of clams is of no avail.

The defendant's second claim is that the State failed to prove that he took "an overage of mollusks." His argument is as follows. Each of the three charges was based on the same taking of clams, yet he was acquitted of the first two charges. Because the State could not identify Knowles as one of the individuals on the clam flats, the State did not prove that he took clams. Moreover, the defendant contends, there was no evidence as to whether the amount of clams in the pickup truck exceeded the legal limit for all of the individuals observed on the clam flats, nor any proof that the clams came from the flats.

▮ We reject the argument that the court's dismissal of two of the charges necessarily rested upon a finding that the defendant did not take clams. *State v. Lessard*, 123 N.H. 788, 790–91, 465 A.2d 516, 517 (1983). "The issue . . . was neither expressly nor necessarily determined in [the] defendant's favor . . . and there is no basis upon which we can find that it was implicitly so determined." *State v. Kowal*, 116 N.H. 699, 701, 366 A.2d 877, 879 (1976). The defendant has not provided a transcript of the proceedings below, and the statements of fact submitted by both parties, which were approved by the trial court as "representative" of the case tried, are unenlightening. Given this record, we would have to resort to speculation to conclude that the issue of taking was resolved in the defendant's favor, a course we are not free to take. *State v. Hastings*, 121 N.H. 465, 468, 430 A.2d 1131, 1133 (1981).

▮ We can, however, consider the sufficiency of the evidence to support the verdict that the defendant took an overlimit of clams. "Take or taking," as used in Title XVIII, Fish and Game, "includes every attempt to take and every act of assistance to every other person in taking or attempting to take [, provided that whenever taking is allowed by law, reference is had] to taking by lawful means and in

lawful manner." RSA 207:1, XXVII (1977 and Supp. 1985). The evidence supports the conclusion that the defendant violated Fis 606.04 by assisting another person in taking or attempting to take clams while leaving waters under the jurisdiction of the State.

A careful reading of Fis 606.04 reveals that we need not calculate how many clams each person on the flats should be credited with taking. The number of people on the clam flats is of no consequence. The defendant was apprehended after some individuals ran from a pickup truck near Cross Beach. Even if we were to assume, for the sake of argument, that all of the clams had been taken by the other person caught running from the truck, the defendant's act of assisting that person would be sufficient to bring him within the language of the Fish and Game rule.

Furthermore, the court's implicit conclusion that the clams came from the flats, and not a supermarket as the defendant suggests, represents a reasonable inference drawn from the evidence. The defendant was wearing wet knee-high boots and was found hiding not far from a truck containing sacks of clams and clam digging equipment. Officers had previously observed individuals on the clam flats loading sacks of clams into boats that were taken to Cross Beach. "[T]he circumstantial evidence and all reasonable inferences from it viewed in the light most favorable to the State excluded all rational conclusions except guilt." *State v. Crosman*, 125 N.H. 527, 532, 484 A.2d 1095, 1098 (1984).

*Affirmed.*

All concurred.