In re Michael A. HOWCROFT, Debtor.

Caroline WORSTER, Plaintiff,

v.

Michael A. HOWCROFT, Defendant.

Bankruptcy No. 97–11272–MWV.
Adversary No. 97–1075–MWV.

United States Bankruptcy Court,
D. New Hampshire.

July 16, 1998.

846

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

David P. Azarian, Jones, Wensley, Wirth & Azarian, Rochester, NH, for Defendant Michael Howcroft.

Richard R. Erricola, Sutton, MA, Trustee.

Karyn P. Forbes, Shaheen & Gordon, Dover, NH, for Plaintiff Caroline Worster.

Michael A. Howcroft, Milton, NH, for Defendant.

### Memorandum Opinion

MARK W. VAUGHN, Chief Judge.

The Court has before it the complaint of Caroline Worster ("Plaintiff") and the Plaintiff's motion for summary judgment seeking a denial of the discharge of a debt pursuant to section 523(a)(6) of the Bankruptcy Code. For the reasons set forth below, the Court grants the Plaintiff's motion for summary judgment and denies the Debtor's discharge of the subject debt. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334. This is a core proceeding in accordance with 28 U.S.C. § 157(b).

#### FACTS

The parties in this proceeding live in neighboring homes in Farmington, New Hampshire. Their relationship as "neighbors" has an antagonistic history that culminated in two violent incidents for which the Debtor received a lengthy prison term. On June 24, 1994, the Defendant was convicted of assaulting the Plaintiff/Creditor. On June 26, 1996, the Defendant was convicted of aggravated felonious sexual assault of the Plaintiff. As a result of these two convictions, the Defendant is currently serving a two to ten year term in the New Hampshire State Prison.

Moreover, on September 14, 1994, the Plaintiff brought a civil action against the Defendant for assault and intentional infliction of emotional distress. The Defendant filed a voluntary petition in this Court under Chapter 7 of the Bankruptcy Code on April

10, 1997, eleven days before a jury trial in the civil suit was scheduled to commence. On July 3, 1997, the Plaintiff filed a complaint in this Court to determine dischargeability of any pending judgment.

In April 1998, the parties entered into a Stipulation for Docket Marking in the civil action, wherein the Defendant agreed to abide by a permanent restraining order and to pay $15,000 to the Plaintiff. This Stipulation, signed by the Defendant, specified, "[T]he Defendant, Michael Howcroft, does not contest liability, jointly and severally, as to each Count as claimed by the Plaintiff, Caroline Worster, in her Writ of Summons." *See* Stipulation for Docket Marking at 1. Count II of the aforementioned Writ of Summons, "Intentional Infliction of Emotional Distress", specifies that the Defendant assaulted and caused injury to the Plaintiff and that the Defendant's conduct was malicious. *See* Writ of Summons ¶¶ 13, 17. The Stipulation settled the civil action and was approved on April 20, 1998.

## DISCUSSION

The Plaintiff argues that the Defendant's debt to her should be excepted from discharge as a matter of law. *See* 11 U.S.C. § 523(a)(6) (1997) (any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge). She contends that the Defendant's criminal convictions and the civil action settlement bar him from relitigating the issue of willful and malicious injury in this proceeding. The Defendant argues that his conduct, while willful, was not malicious and has not been established as such in the earlier proceedings. The Defendant seeks a trial to determine the issue of malice. This Court rejects the Defendant's argument that a trial is necessary to determine the issue of malice and grants the Plaintiff's motion for summary judgment.

## I. *Summary Judgment*

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). When ruling on a summary judgment motion, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). The Defendant in this case is the non-movant and all reasonable inferences must be made in his favor.

## II. *Section 523(a)(6)*

A standard for interpreting § 523(a)(6) was set forth by Judge Yacos of this Court in *New Hampshire v. Tinkham (In re Tinkham)*, 59 B.R. 209 (Bankr.D.N.H. 1986). "[T]o establish a ground for nondischargeability of a debt under section 523(a)(6) of the Bankruptcy Code it must be proven that the debtor engaged in deliberate acts which he knew were certain or substantially certain to result in injury . . . ." *Id.* at 217. In *Langlois v. Mirulla (In re Mirulla)*, 163 B.R. 912 (Bankr.D.N.H.1994), I adopted this standard and held that malice may be inferred from state court findings in a prior proceeding.

In March of this year, the United States Supreme Court issued a decision, clarifying the test for section 523(a)(6). In *Kawaauhau v. Geiger*, — U.S. ——, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), Justice Ginsburg delivered the Court's unanimous opinion, holding that the phrase "willful and malicious injury" applies only to deliberate and intentional injuries. *Id.* at ——, 118 S.Ct. at 977. Debts arising from negligent or reckless torts remain dischargeable, since they are not encompassed in the language of section 523(a)(6). *Id.*

In paragraph two of his Objection to Motion for Summary Judgment, the Defendant concedes that his conduct was willful. The remaining question is whether that conduct satisfies the second prong of 523(a)(6)— maliciousness. The Defendant's actions were at issue in his criminal trial and in the civil action. Under *Kawaauhau*, a debtor's conduct qualifies as malicious for the purposes of section 523(a)(6) if it falls into a traditional intentional tort category. *Id.* In its analysis

of the existing case law, the Supreme Court specifically addressed assault as a traditional intentional tort. *Id.* at ——, 118 S.Ct. at 978.

## III. *Res Judicata and Collateral Estoppel*

In her Motion for Summary Judgment, the Plaintiff argues that issue preclusion and res judicata bar the Defendant from contesting the issue of willful and malicious injury in this proceeding. Pl.'s Mot. for Summ. J. at 6, 7. She asserts that these issues were litigated both in the Defendant's criminal trial, as well as in the state court civil suit. *Id.* The Defendant contends that the issue of malice was never litigated. *See* Def.'s Opp'n to Mot. for Summ. J. at 2.

Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action bars the parties from relitigating issues that could have been raised in that action. *See, e.g., Bicknell v. Stanley,* 118 B.R. 652, 657 (S.D.Ind.1990) (presenting a discussion of general preclusion concepts in the bankruptcy context). The United States Supreme Court "held that claim preclusion is inappropriate in the dischargeability setting of a bankruptcy case." *See id.* (citing *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)). Since this decision involves a finding on the dischargeability of the Defendant's debt under section 523(a)(6) of the Bankruptcy Code, res judicata is inapplicable. The relevant question then, is the applicability of issue preclusion.

■ Collateral estoppel, issue preclusion, is a distinct concept which bars relitigation of specific legal or factual issues previously litigated in a separate and often, altogether distinct cause of action. *Id.* This Court must look to state law to determine whether the issue preclusion doctrine bars the Defendant from raising the issue of malice in this proceeding. *See Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (holding that 28 U.S.C. § 1738 "directs a federal court to refer to the preclusion law of the State in which the judgment was rendered").

■ Under New Hampshire state law, collateral estoppel applies when three essential elements are satisfied. In *Daigle v. City of Portsmouth,* 129 N.H. 561, 534 A.2d 689, 693 (1987), the New Hampshire Supreme Court held that "the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action." If either of the prior court proceedings cited by the Plaintiff meet these three requirements, the Defendant is estopped from relitigating the issue of malice in this Court.

### A. *The Criminal Context*

■ In *Hopps v. Utica Mutual Insurance Co.,* 127 N.H. 508, 506 A.2d 294 (1985), the New Hampshire Supreme Court held that a prior criminal judgment may preclude relitigation of issues in a subsequent civil proceeding, so long as the precluded issues were fully litigated in the criminal action. In reaching this conclusion the Court noted that its holding was consistent with the policy objectives of issue preclusion; that since "the affected party has had a fair opportunity to litigate the issue once before, its relitigation would thwart judicial economy and risk judicial inconsistency." *Id.* 506 A.2d at 297 (citing *State v. Proulx,* 110 N.H. 187, 263 A.2d 673, 675 (1970)). If the Defendant's criminal trial satisfies the *Daigle* test, issue preclusion applies.

The Defendant appeared as a party in the criminal trial for aggravated felonious sexual assault, at which he testified on his own behalf and was convicted by a jury. Thus, the final two prongs of the *Daigle* test are satisfied by the criminal proceeding. The only remaining question is whether the precise issue of malice was litigated in that action. As defined by the Supreme Court in *Kawaauhau,* malice in the context of section 523(a)(6) refers to traditional intentional torts. *See supra* p. 848 (noting that assault is considered a traditional intentional tort). Since the issue of malice as defined in *Kawaauhau* was fully litigated in a criminal trial, whereafter the Defendant was found guilty of aggravated felonious sexual assault, issue preclusion bars its relitigation.

## B. *The Civil Context*

The civil settlement between the Plaintiff and Defendant further precludes relitigation of the malice issue. In New Hampshire, a consent judgment may be used to invoke preclusion doctrine, but only if the issues in the subsequent action are identical to those enumerated in the consent decree. *See State v. Charpentier,* 126 N.H. 56, 489 A.2d 594, 597 (1985) (discussing applicability of res judicata and collateral estoppel to consent judgments). In the instant case, the parties entered into a Stipulation for Docket Markings approved on April 20, 1998. In the Stipulation, which settled the civil action, the Defendant agreed that he did not contest liability to any of the allegations enumerated in the Plaintiff's complaint. Count II of the complaint, entitled "Intentional Infliction of Emotional Distress," provides in pertinent part, "Defendant Howcroft has threatened Plaintiff with physical violence and has, in fact, assaulted the Plaintiff, causing her physical injury .... Each of the aforementioned acts was done maliciously." Pl.'s Compl. ¶¶ 13, 17. The Defendant now requests a trial to determine the issue of malice. Since the Stipulation for Docket Markings signed by the Defendant directly addresses the issue of malice germane to this proceeding, the Defendant is collaterally estopped by the Stipulation from relitigating the maliciousness of his conduct.

### CONCLUSION

Under 11 U.S.C. § 523(a)(6), the Defendant's $15,000 debt to the plaintiff is excepted from discharge if it resulted from willful and malicious injury. The Defendant admits that his conduct was willful, but seeks a trial to determine the issue of malice. This Court finds, however, that the Defendant had a full and fair opportunity to litigate this issue in two prior proceedings. In the criminal proceeding, a jury found the Defendant guilty of felonious sexual assault, a crime that clearly falls within the traditional intentional tort category discussed in *Kawaauhau.* In the civil proceeding the Defendant entered into a consent decree whereby he admitted that his conduct was malicious.

The doctrine of collateral estoppel, or issue preclusion, as applied to both prior actions precludes relitigation of the malice issue. When the entire record is viewed in the light most favorable to the Defendant, this Court finds that the subject debt resulted from the Defendant's willful and malicious injury to the Plaintiff and is hereby excepted from discharge under section 523(a)(6) as a matter of law.

This opinion constitutes the Court's findings of facts and conclusions of law in accordance with Federal Rule of Procedure 7052. The Court will issue a final judgment consistent with this opinion.