**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0402, <u>State of New Hampshire v. Eugene Keator</u>, the court on February 21, 2019, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Eugene Keator, appeals his conviction, following a jury trial in Superior Court (<u>Houran</u>, J.), on a charge of second degree assault – domestic violence, for engaging in the strangulation of the victim. <u>See</u> RSA 631:2 (Supp. 2018). He contends that the trial court erred by "excluding [his] testimony that [the victim's] aggressiveness on the night of the allegations indicated to him that [the victim] was intoxicated."

The trial court's decision to admit or exclude proffered evidence is within its discretion. <u>State v. Palermo</u>, 168 N.H. 387, 391 (2015). To show an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. In this case, the defendant argues that the exclusion of his testimony prejudiced his case because it was relevant to two central issues: (1) the victim's and his credibility; and (2) his self-defense claim.

We first address whether the trial court's ruling prejudiced the defendant's ability to establish his credibility by denying him the ability to show that he had a basis for his opinion that the victim was intoxicated. The defendant's counsel argued to the trial court that "[h]e need[ed] to testify about how he kn[ew the victim had] been drinking and how he kn[ew] she [was] intoxicated" and that "part of the reason he knew she was drunk [wa]s because she was aggressive." The trial court instructed the defendant's counsel to "[c]ut the aggressiveness out."

The defendant testified that the victim attacked him while he was sleeping and that he knew that the victim had been drinking "because the only time she ever got in that manner . . . is when she was drinking." He further testified that: (1) he had known the victim for over six years; (2) he had seen her sober and not sober; and (3) there was no question in his mind that the victim was intoxicated. He also testified that, on the night in question, the victim engaged with him in a way that was not typical when she had not been drinking. Moreover, his

testimony that the victim was intoxicated was corroborated by another witness who testified that he observed her drinking two large beers before the assault.

Establishing this foundation for his opinion that the victim was intoxicated implicated the victim's credibility because she testified that she was not intoxicated at the time of the assault. Indeed, the jury acquitted the defendant of all the charges arising from her account of the fight except the strangulation allegation that was supported by testimony from three witnesses who testified that they saw fingermarks on the victim's neck. Upon this record, we cannot conclude that the trial court's ruling prejudiced the defendant's case because the defendant was able to establish a foundation for his opinion that the victim was intoxicated at the time of the assault. See id.

We next address whether the trial court's ruling prejudiced the defendant's self-defense claim. See RSA 627:4 (2016). We assume, without deciding, that this issue is preserved. A claim of self-defense requires the defendant to admit, at least tacitly, the act of which he is accused. See State v. Pugliese, 122 N.H. 1141, 1146 (1982) ("A defendant asserting the defense of self-defense to a homicide charge tacitly admits the killing was intentional but claims it was justified or excused for some reason as defined by our Criminal Code."); cf. State v. Vassar, 154 N.H. 370, 376 (2006) (describing self-defense as a "justification" claim).

In this case, the defendant did not admit putting his hands around the victim's neck or strangling her. In her closing argument, his attorney suggested that he might have struck the victim's neck accidentally when pushing her away. He did not suggest that he put his hands around the victim's neck in self-defense. Accordingly, we cannot conclude that the defendant's self-defense claim was prejudiced by the trial court's evidentiary ruling. See Palermo, 168 N.H. at 391.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**