# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0756, <u>State of New Hampshire v. James Michael Dow</u>, the court on February 17, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). The defendant, James Michael Dow, appeals his convictions, following a jury trial, of simple assault, <u>see</u> RSA 631:2-a (2016), and criminal threatening, <u>see</u> RSA 631:4 (2016), arguing that the Superior Court (<u>Delker</u>, J.) erred in striking his "use of force in defense of property" defense, <u>see</u> RSA 627:8 (2016). We affirm.

Because we reach our decision based upon the trial court's exercise of its discretionary judgment, rather than the interpretation of court rules, we review the trial court's decision for an unsustainable exercise of discretion. See <u>State v. Fichera</u>, 153 N.H. 588, 594 (2006); <u>cf</u>. <u>State v. Munroe</u>, 173 N.H. ___, 2020 WL 4461555 (decided Aug. 4, 2020) (reviewing trial court's interpretation of court rule <u>de novo</u>). Under this standard, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). We review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgment. <u>Id</u>.

The jury could have found that, when the victim attempted to retrieve his pickup truck from the defendant's premises, the defendant assaulted and threatened him. Prior to trial, the defendant sought to argue that his use of force was justified because he had a lien on the truck arising from the labor, parts, and materials he provided to repair it. See RSA 450:2 (2020) (lien statute); RSA 627:8 (use of force in property offenses). The State objected on the basis that evidence from a recent trial proved that the defendant paid for the parts and materials by unauthorized use of his friend's credit card. The State argued that if the friend, and not the defendant, provided the funds for the parts and materials, then the friend would have a lien on the truck, not the defendant. During a conference on the morning before trial, the State noted that the friend had recently been hospitalized and was unavailable for trial, so that if the defendant asserted a lien based upon parts and materials, a continuance would be needed.

The trial court advised defense counsel that, "to the extent that you're going to rely on money spent by your client to fix this truck that wasn't his money, that is an issue that the State has a right to challenge." See <u>State v.</u>

Pugliese, 122 N.H. 1141, 1146 (1982) (noting that, in light of defendant's self-defense claim, "the State was entitled, and even required, to present rebuttal evidence"). In response, defense counsel stated that "the more important part" is the labor, and that "it's not our intention to elicit information about money that was put into the truck or the sources of the money put into that truck." The parties agreed that the defendant would be allowed to assert his defense based only upon his labor.

As the defendant argues in his brief, "it appeared that the matter was resolved by this agreement." However, the record does not support the defendant's assertion that the State reneged on the agreement by raising additional issues. Rather, the record shows that the defendant ultimately was unwilling to limit the scope of his defense to the labor he provided, insisting that he should also be allowed to introduce evidence of "the money put into the truck," regardless of "the source of funds." In light of the friend's unavailability for trial, the trial court struck the affirmative defense before the start of trial.

At the end of the one-day trial, after the jury started deliberating, the trial court further explained to counsel that "[i]f the theory had been limited from the get-go solely to the labor, then perhaps the trial looks one way," but that "[i]f the theory was based on the investment of money in the . . . truck, the trial looks very different, and the State has a very different burden to meet." The trial court noted that both parties were aware that the friend, "for a long time, has been ill," and that "his availability for trial has been tenuous throughout." The trial court further noted that the defendant's position had not become clear until the morning of trial, "after the jury [had] been selected." We conclude that the record contains an objective basis sufficient to sustain the trial court's discretionary judgment. See Fichera, 153 N.H. at 594.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2